UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING IN PART THE MOTION TO DISMISS

Plaintiffs Dennis MacDougall, Ray Seow, Prabhanjan Kavuri, Richard Frick, Joseph Ryan Parker, and Bryan Lentz sued Defendant American Honda Motor Co., Inc. asserting several putative class action claims concerning transmission problems with their Honda Odyssey minivans. Honda now moves to dismiss all Plaintiffs' claims for lack of standing and for failure to state a claim.

The Court GRANTS IN PART the motion to dismiss with leave to amend. (Dkt. No. 35.)

**1. BRIEF BACKGROUND**

The following facts are taken from Plaintiffs' complaint. (Compl., Dkt. No. 1.) Fundamentally this case is about transmission problems in 2011 through 2016 Honda Odyssey minivans. (*Id.* at 2.) Plaintiffs allege that they bought or leased these vans, which were covered by "a 36-month/36,000-mile express New Vehicle Basic Limited Warranty . . . and a 60-month/60,000-mile express Powertrain Limited Warranty." (*Id.*) According to Plaintiffs, these warranties "expressly cover any repairs needed to correct defects in materials or workmanship," including any repairs needed to fix the transmission issues. (*Id.*) Plaintiffs say Honda breached these express warranties and an implied warranty of merchantability by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

failing to fix the transmission problems in their vans. (*Id.* at 2–3.) In total, Plaintiffs assert twelve claims for relief: (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) violations of the Magnuson-Moss Warranty Act; (4) violations of the California Song-Beverly Consumer Warranty Act; (5) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; (6) violations of California's Consumer Legal Remedies Act; (7) violations of California's Unfair Competition Law; (8) violations of New Jersey's Consumer Fraud Act; (9) violations of Florida's Deceptive and Unfair Trade Practices Act; (10) a claim for equitable injunctive and declaratory relief; (11) a claim under the Declaratory Judgment Act; and (12) a claim for unjust enrichment. (Dkt. No. 1.)

## 2. LEGAL STANDARD

A defendant may move to dismiss a complaint if it believes that the court does not have subject matter jurisdiction over the claims in the complaint. Fed. R. Civ. P. 12(b)(1). The Constitution and Congress limit the power of federal courts. U.S. Const. art. III; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Constitution requires that, before a federal court can exercise jurisdiction over a case, there must be a "case or controversy" at play—the issues involved must be "definite and concrete, not hypothetical or abstract." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138–39 (9th Cir. 2000) (*quoting Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)).

A defendant may also move to dismiss a complaint if it believes that the plaintiff has failed to state a claim for relief. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the complaint's sufficiency, a court must "accept[] all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf*, 669 F.3d at 1014. But the assumption of truth doesn't apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

Fraud claims, like some of those involved here, require more still, as they must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1031 (9th Cir. 2016). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." The "circumstances" include "the time, place, and specific content of false representations as well as the identities of the parties." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir.1986)). Plaintiff can't simply allege "neutral facts necessary to identify the transaction," but must "set forth an explanation as to why the statement or omission complained of was false or misleading." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)) (superceded by statute on other grounds); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."). But even under Rule 9(b), the pleading standard for state of mind is more relaxed. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally").

### 3. ANALYSIS

The Court addresses each of Honda's arguments for dismissal in turn.

#### 3.1 Express Warranty Claim

Honda argues that the Court doesn't have jurisdiction over Plaintiffs' express warranty claim because it is unripe, and therefore it must be dismissed. (Mot., Dkt. No. 35-1 at 5–8.) Honda argues that a day before Plaintiffs filed their complaint, Honda issued a technical service bulletin that instructed independent Honda dealers how to fix the vans' transmission issues. Honda's theory goes that, since the fix provided in the technical service bulletin might solve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

the transmission issues, Plaintiffs cannot yet pursue their express warranty claim. If the technical service bulletin's solution proves effective, Honda says, Plaintiffs won't be able to allege that Honda failed to fix the problem under the express warranty.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). The ripeness inquiry asks "whether the issues presented are definite and concrete, not hypothetical or abstract." *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010).

The issues presented by this case are sufficiently definite and concrete to warrant resolution by this Court. Adopting Honda's argument would lead to strange results. Honda could effectively bar Plaintiffs' from ever accessing the courthouse. All Honda would have to do is keep issuing technical service bulletins that hypothetically could fix Plaintiffs' transmission issues. Indeed, Honda's fix is the hypothetical piece of this case. Plaintiffs bought allegedly defective vans and have spent up to three years seeking repairs for their transmission issues, to no avail. Accordingly, Honda's ripeness argument isn't convincing.

### 3.2 Implied Warranty of Merchantability Claim

Honda argues that Plaintiffs' implied warranty of merchantability claim should be dismissed as insufficiently stated. Honda makes two arguments on this point.

First, Honda argues that the Florida and California Plaintiffs are barred from asserting their implied warranty claims under their own states' laws for lack of privity. Plaintiffs respond by arguing that both California and Florida except third-party beneficiaries from the privity requirement where, as here, plaintiffs are the intended end-user of a product. As for California law, "the clear weight of authority compels a conclusion that where plaintiffs successfully plead third-party beneficiary status, they successfully plead a breach of implied warranty claim." *In re Toyota Motor Corp.*, 754 F. Supp. 2d 1145, 1184–85 (2010). The same goes for Florida law. *Grasso v. Electrolux Home Prods., Inc.*, No. 15-20774, 2015 WL 10792014, at *2 (S.D. Fl. 2015). Under these standards, Plaintiffs' allegations permit the reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

inference that they were the intended consumers of the Honda vans. *See Iqbal*, 556 U.S. at 678. Put another way, the complaint contains enough facts to "state a claim to relief" for violations of an implied warranty of merchantability "that is plausible on its face." *See Twombly*, 550 U.S. at 570.

Second, Honda argues that the alleged transmission defect—causing "sudden, unexpected shaking and violent jerking" and "hesitate before responding to a drivers' input on the accelerator pedal"—doesn't violate any implied warranty of minimum quality. Honda argues that, because Plaintiffs continue to drive their vehicles, "[i]t cannot be plausibly inferred that the so-called 'judder' compromises these vehicles' safety, renders them inoperable, or has drastically reduced their mileage." (Mot., Dkt. No. 35-1 at 10.) Despite these arguments, the Court concludes that Plaintiffs have sufficiently pleaded enough information to allow the reasonable inference that the vans are unsafe. *See Iqbal*, 556 U.S. at 678. The factual determination of whether or not the vehicles actually violated an implied warranty of merchantability is to be left to another day. *See Skilstaf*, 669 F.3d at 1014**.**

### 3.3  Magnuson-Moss Warranty Act Claim

Next Honda argues that Plaintiffs' claims under the Magnuson-Moss Warranty Act fail "because class actions under the MMWA with fewer than 100 named plaintiffs are not 'cognizable' in federal court." (Mot., Dkt. No. 35-1 at 11.) Plaintiffs argue that the Class Action Fairness Act effectively supersedes the Magnuson-Moss Act's 100-plaintiff limitation.

To begin, the Magnuson-Moss Warranty Act provides a federal claim to "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with . . . a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). "Breach of an obligation imposed by state law will support a claim under the Magnuson-Moss Act." *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 954 (C.D. Cal. 2012). The Magnuson-Moss Act provides that plaintiffs pursuing relief under the Act may do so in "any court of competent jurisdiction in any State or the District of Columbia" or "in an appropriate district court of the United States." 15 U.S.C. § 2310(d)(1). The Act provides certain limitations for cases brought in federal court:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

> No claim shall be cognizable in a suit brought [in an appropriate district court of the United States]—
>
> > (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
> >
> > (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
> >
> > (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).

Many courts have held that CAFA's jurisdictional standards—permitting diversity actions filed by over 100 plaintiffs whose claims place at controversy more than $5,000,000—effectively supersede the numerosity requirement in the Magnuson-Moss Act, which requires 100 "named plaintiffs." *See Keegan*, 838 F. Supp. 2d at 954–955 (collecting cases). "These cases hold that where the party invoking federal jurisdiction is able to meet his or her burden of proving jurisdiction under CAFA, the absence of at least one hundred named plaintiffs does not prevent the plaintiff from asserting claims under the Magnuson-Moss Warranty Act." *Id*.

Plaintiffs argue that the Ninth Circuit also has held that CAFA supersedes the Magnuson-Moss Act's named plaintiffs requirement in a footnote in *Birdsong v. Apple, Inc*, 590 F.3d 955 (9th Cir. 2009). In *Birdsong*, two named plaintiffs sued Apple, Inc. for several claims including state law warranty claims and a Magnuson-Moss Warranty Act claim. *Id.* at 956–57. The district court there dismissed the case, and one of the plaintiffs appealed. *Id.* at 957. The Ninth Circuit affirmed the district court's dismissal of the warranty claims. *Id.* at 958–59. Relatedly, the panel affirmed the district court's dismissal of the Magnuson-Moss Warranty Act claim because the Act "require[d] the plaintiffs to plead successfully a breach of state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

warranty law." *Id.* at 958 n.2. The *Birdsong* court didn't mention the Magnuson-Moss Act's named plaintiffs requirement.

In a footnote, the court did include the following paragraph:

> The parties do not dispute that the district court had subject matter jurisdiction over the class action. We agree. The district court had original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs' class action satisfied CAFA's amount in controversy, numerosity and minimal diversity requirements. . . . Additionally, section 1332(d)'s enumerated exceptions to federal jurisdiction do not apply.

*Birdsong*, 590 F.3d at 957 n.1. Put simply, it doesn't appear the Ninth Circuit has addressed the interplay between the Magnuson-Moss Act's explicit named plaintiffs requirement and CAFA.

It's difficult to see how CAFA could replace the Magnuson-Moss Warranty Act's internal requirements. The parties agree that no other federal statute addresses the relationship between CAFA and the Magnuson-Moss Warranty Act. While Plaintiffs argue that Congress is presumed to enact legislation against the backdrop of existing law, that platitude doesn't solve the issue at hand. (Opp'n, Dkt. No. 41 at 12.) CAFA and the Magnuson-Moss Act's internal limitations are creatures of different kinds. On the one hand, CAFA is a basis for diversity jurisdiction. *See* 28 U.S.C. § 1332. On the other, the Magnuson-Moss Act (though it relies partly on state law) is a basis for federal question jurisdiction. It includes no diversity requirement. It provides a distinct federal claim for certain warranty violations. *See* 28 U.S.C. § 1331. Boiled down, Plaintiffs' argument that the Court can exercise jurisdiction over their Magnuson-Moss Act claim through CAFA is nonsensical. CAFA—a basis for federal courts to exercise jurisdiction over state law disputes between diverse parties—doesn't fill in the gaps for missing substantive requirements of a federal law. *See Ebin v. Kangadis Food, Inc.*, No. 13 Civ. 2311, 2013 WL 3936193, at *1 (S.D.N.Y. July 26, 2013).

Because Plaintiffs have failed to comply with the internal requirements of the Magnuson-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

Moss Act—they haven't named more than 100 plaintiffs—the Court must dismiss this claim.

### 3.4 California Song-Beverly Claim

Honda argues that the California Plaintiffs' claims under the Song-Beverly Consumer Warranty Act must be dismissed because Plaintiffs have failed to properly allege their express and implied warranty claims. But, as discussed, Plaintiffs have sufficiently pleaded the underlying warranty claims, so this argument fails.

### 3.5 Statutory Consumer Protection Claims

Honda argues that Plaintiffs' statutory consumer protection claims, pleaded under California, Florida, Pennsylvania, and New Jersey statutes, fail. (Mot., Dkt. No. 35-1 at 14–19.) Honda argues that Plaintiffs have not sufficiently alleged any omission or misrepresentation, and also failed to allege reasonable reliance—key features of each state's consumer protection statutes. (Mot., Dkt. No. 35-1 at 15–17.)

On the misrepresentations argument, the Court concludes that Plaintiffs have not met their burden under Rule 9(b), the appropriate standard for fraud claims. *See Stratos*, 828 F.3d at 1031. Plaintiffs complaint includes only conclusory allegations that Honda made any misrepresentations, and never details any specific time, place, or method of communication of those alleged misrepresentations. *See Kearns*, 567 F.3d at 1120. Plaintiffs don't appear to dispute this conclusion in their opposition.

On the other hand, Plaintiffs have satisfied their pleading burden for their fraud by omission claims. When "an allegation rests on a claim of fraudulent omission, the Rule 9(b) standard is relaxed because a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act." *Cirulli v. Hyundai Motor Co.*, No. SACV 08-0854 AG (MLGx), 2009 WL 5788762, at *4 (C.D. Cal. June 12, 2009) (internal quotation marks omitted). Here, Plaintiffs' complaint alleges, among other things, that Honda failed to disclose the vans' transmission problems to people buying them, even though Honda knew "of the transmission defect and the danger it poses to consumers and other drivers" because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

of pre-market testing and customer complaints. (*See*, Compl., Dkt. No. 1 at 3, 13.) Put simply, Plaintiffs sufficiently allege their fraud by omission claims.

Honda also argues that Plaintiffs haven't pleaded reasonable reliance. Honda argues that Plaintiffs should have known that other owners were having problems with their transmissions, evidenced by technical service bulletins and publically-available complaints from other owners. But imbedded in this inquiry is a factual determination that can't be made yet: how much Plaintiffs knew or should have known. *See Skilstaf*, 669 F.3d at 1014. From the face of the complaint, it's not clear that Plaintiffs should have known about or even understood the technical service bulletins and complaints from other owners. Plaintiffs have alleged enough information to show that they were reasonable in assuming the vans were defect free when they purchased them. *See In re Toyota*, 754 F. Supp. 2d at 1192.

### 3.6  Plaintiffs' CLRA Claim

Honda argues that the California Plaintiffs' Consumers Legal Remedies Act claim should be dismissed. First, Honda argues that Plaintiffs haven't sufficiently pleaded with particularity the misrepresentations and omissions supporting Plaintiffs CLRA claims. As discussed, the Court agrees as to the misrepresentations but disagrees as to omissions.

Second, Honda argues that Plaintiffs failed to bring their CLRA claim before the three-year statute of limitations ran. Plaintiffs argue that the statute was tolled because of the delayed discovery rule. "The delayed discovery rule tolls the statute of limitations on CLRA claims . . . . To invoke the delayed discovery rule, a plaintiff must plead facts that show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Ashghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 1306, 1320–21 (C.D. Cal. 2013) (internal citations and quotations omitted).

The complaint includes allegations from two California plaintiffs on this point. Plaintiff Seow alleges he didn't experience problems until July 2014, so he couldn't reasonably have discovered the problem before then. (Compl., Dkt. No. 1 at 17.) As for Plaintiff Lentz, he says that he noticed a "large jerk" when driving the van a "few months" after he bought it in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

February 2014. (*Id.* at 20.) This jerk became progressively worse until, in July 2014, Lentz decided to take the vehicle in for an inspection, and the dealer told him "everything was normal." (*Id.*) The fact that a trained specialist didn't know what was wrong with the vehicle suggests that Lentz couldn't have either. Accordingly, at the very earliest, the California Plaintiffs could have reasonably discovered the transmission defect and, thus, their causes of action against Honda in July 2014. This case was filed in June 2017, less than three years after that time, so the Court will not dismiss the California Plaintiffs' CLRA claim on statute of limitations grounds.

### 3.7  Plaintiffs' UCL Claim

Honda next argues that the California Plaintiffs' Unfair Competition Law claim is improper because Plaintiffs are ineligible for the remedies available under the statute. Honda argues that the UCL's remedies are limited to injunctive relief and restitution. First, as discussed later, Plaintiffs can pursue injunctive relief in this case. Also, Honda's argument that Plaintiffs can't recover restitutionary damages under the UCL because they never gave money directly to Honda is not convincing. The UCL allows recovery even where "the defendant is not the direct recipient of plaintiff's funds, but was sufficiently involved in the UCL violation." *Hahn v. Massage Envy Franchising, LLC*, No. 12-CV-153, 2014 WL 5100220, at *15 (S.D. Cal. Sept. 25, 2014). Here, Plaintiffs allege Honda committed unfair, unlawful, or fraudulent conduct that directly damaged them, the intended consumer of Honda's product. The Court concludes that Plaintiffs' allegations sufficiently plead a UCL violation.

### 3.8  MacDougall's UTPCPL Claim & Kavuri's NJFCA Claim

Honda argues that Plaintiff MacDougall's Pennsylvania Unfair Trade Practices and Consumer Protection Law claim and Plaintiff Kavuri's New Jersey Consumer Fraud Act claim should be dismissed because they failed to allege an ascertainable loss under the statutes. (Mot., Dkt. No. 35-1 at 19–20.) The Court isn't convinced. Plaintiffs allege that they received defective vans. They also allege that Honda's omissions "caused or certainly will cause [them] . . . to expend time and, upon information and belief, sums of money at [Honda] dealerships and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

elsewhere to repair and/or replace the transmission and/or transmission components." (Compl., Dkt. No. 1 at 34, 43.) Plaintiffs have sufficiently pleaded an ascertainable loss. *See Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 792 (N.J. 2005) (ascertainable loss can be "either out-of-pocket loss or a demonstration of loss of value"); *DeArmitt v. N.Y. Life Ins. Co.*, 73 A.3d 578, 594 (Pa. 2013) (ascertainable loss "can include costs and other shortfalls associated with the transaction at issue").

### 3.9 Unjust Enrichment Claim

Honda next argues that Plaintiffs' unjust enrichment claim must be dismissed because, under California, Florida, and Pennsylvania law, Plaintiffs allegations about the express warranty contract between the parties forecloses any unjust enrichment claim. The Court disagrees. Plaintiffs assert that they plead unjust enrichment as an alternative to their express warranty claim. Also, Plaintiffs say they plead their unjust enrichment claim beyond the express warranty, touching "benefits retained by Honda as a result of the Odysseys that did not perform as represented." (Opp'n, Dkt. No. 41 at 24.) Accordingly, the unjust enrichment theory operates either alternatively or additionally, but not successively, with Plaintiffs' express warranty claim.

Honda also argues that the unjust enrichment claim must be dismissed under New Jersey, Florida, and Pennsylvania law because Plaintiffs do not allege that they *directly* unjustly enriched Honda. This argument is not convincing. Plaintiffs allege that they bought Honda vehicles through authorized Honda dealerships and that Honda ultimately benefitted from those sales. Nothing suggests that the Court should dismiss this equitable claim at this stage based on these allegations.

### 3.10 Request for Injunctive Relief

Honda argues that Plaintiffs cannot request certain injunctive relief as a remedy for their claims. First, Honda argues Plaintiffs lack standing to ask for injunctive relief ordering Honda to fix Plaintiffs' vans. Honda again argues that future fixes might solve the transmission problem. As discussed, this argument isn't convincing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

Honda also argues that Plaintiffs cannot ask for an injunction to prevent Honda's fraudulent disclosure failures, since the "alleged disclosure failures have no chance of injuring Plaintiffs in the future." (Mot., Dkt. No. 35-1 at 18.) Honda says this means Plaintiffs "lack standing" to pursue the injunctive remedy. But the purpose of enjoining Honda from continuing to conceal the alleged defects serves a broader purpose. For example, the objective of California's consumer protection laws is "to protect both consumers *and competitors* by promoting fair competition in commercial markets for goods and services." *Henderson v. Gruma Corp.*, No. 10-CV-04173 AHM (AJWx), 2011 WL 1362188, at *8 (C.D. Cal. April 11, 2011) (emphasis in original). With this in mind, "Plaintiffs, as representatives of a class, should be entitled to pursue injunctive relief on behalf of all consumers in order to protect consumers from" Honda's alleged concealment. *Id.* This interest is common among all named Plaintiffs. Accordingly, they can pursue injunctive relief.

### 3.11 Declaratory Judgment Act Claim

Finally, Honda argues that the Court should dismiss Plaintiffs' claims for declaratory relief because "all the other substantive claims are subject to dismissal." (Mot., Dkt. No. 35-1 at 24.) But most of Plaintiffs' substantive claims remain, so the Court declines this request.

### 3.12 Leave to Amend

While the Court dismisses several of Plaintiffs' claims, the Court grants them leave to amend, as Plaintiffs could possibly cure the described defects with additional factual allegations. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## 4. DISPOSITION

The Court GRANTS IN PART the motion to dismiss with leave to amend. (Dkt. No. 35.) To avoid any confusion, the Court lists each of the claims in Plaintiffs' complaint and the effect of this order on those claims:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01079 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | DENNIS MACDOUGALL ET AL. v. AMERICAN HONDA MOTOR CO., INC. ET AL. | | |

| CLAIM | EFFECT |
|---|---|
| Breach of Express Warranty | None |
| Breach of Implied Warranty | None |
| Magnuson-Moss Warranty Act Claim | Dismissed with leave to amend |
| California Song-Beverly Consumer Warranty Act Claim | None |
| Violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law | Dismissed in part (misrepresentation theory) with leave to amend |
| Violations of California's Consumer Legal Remedies Act | Dismissed in part (misrepresentation theory) with leave to amend |
| Violations of California's Unfair Competition Law | Dismissed in part (misrepresentation theory) with leave to amend |
| Violations of New Jersey's Consumer Fraud Act | Dismissed in part (misrepresentation theory) with leave to amend |
| Violations of Florida's Deceptive and Unfair Practices Act | Dismissed in part (misrepresentation theory) with leave to amend |
| Declaratory Judgment Act claim | None |
| Unjust Enrichment claim | None |
| Injunctive and Declaratory Relief | Limited to remaining substantive claims |

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |