Liv Kiser (CA SBN 285411)
lkiser@sidley.com
Michael M. Shortnacy (SBN 277035)
mshortnacy@sidley.com
Michael L. Mallow (SBN 188745)
mmallow@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, CA  90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendants
AMERICAN HONDA MOTOR CO.,
INC. and HONDA NORTH AMERICA,
INC.

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DENNIS MACDOUGALL, RAY SEOW, PRABHANJAN KAVURI, RICHARD FRICK, JOSEPH RYAN PARKER, and BRYAN LENTZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>AMERICAN HONDA MOTOR CO., INC., and HONDA NORTH AMERICA, INC.<br><br>        Defendants. | No. 8:17-cv-01079-AG (DFMx)<br><br>**AMERICAN HONDA MOTOR CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR ALL DISCOVERY RESPONSES**<br><br>Date:         July 9, 2018<br>Time:        10:00 a.m.<br>Location:   Santa Ana Division, 10D<br>Judge:      Hon. A. Guilford |

Pursuant to Local Rule 7-9, Defendant American Honda Motor Co., Inc. ("AHM") submits the following Memorandum in Opposition to Plaintiffs' Motion to Extend Time for All Discovery Responses.

**INTRODUCTION**

Irrespective of merit, the motion should be denied because Plaintiffs blatantly violated Local Rule 7-3. Before filing, Plaintiffs did not participate with AHM in a Local Rule 7-3 conference to discuss the issues.  Declaration of Michael B. Shortnacy ("Shortnacy Decl.") ¶ 17.  Local Rule 7-3 contemplates personal contact to discuss the substance of the motion at least seven days prior to filing. *See* C.D. Cal. L.R. 7-3. This did not occur.

In its motion, Plaintiffs admit they did not meet and confer.  Rather, Plaintiffs state they unilaterally requested extensions of discovery dates on April 10 and May 31, 2018.  ECF No. 72 at ¶ 8.  When AHM requested the parties wait to discuss Plaintiffs' request for an extension after Magistrate McCormick ruled on the pending motion to compel, instead of conferring with AHM, Plaintiffs filed this motion the night before the hearing before the Magistrate.  Shortnacy Decl. ¶ 17.  At the motion to compel hearing, Magistrate McCormick expressed his disappointment that Plaintiffs failed to discuss their desire to amend the schedule with *him* prior to filing their motion.  *Id.*  Plaintiffs' failure to meet and confer with AHM warrants denial of the motion for this reason alone. *See, e.g.*, *Manning v. Dimech*, 2015 WL 9581795, at *3 (C.D. Cal. Dec. 30, 2015).

As to the substance of the motion, it fails on the merits. The current scheduling order, entered by the Court on December 4, 2017, set the close of fact discovery on July 31, 2018, giving the parties eight months to complete the factual discovery they need to prosecute their respective claims and defenses.[1]  Plaintiffs, however, did not appropriately pursue discovery in the time provided in a manner that would have yielded the information they sought.  For example, Plaintiffs transmitted in the body of emails (rather than via properly served requests

---

[1] HNA is not a proper party to this lawsuit.  It has no relationship whatsoever (contract or otherwise) to any of the plaintiffs in this lawsuit, and it does not design, manufacture, warrant, advertise, market, distribute, or repair Honda vehicles. Shortnacy Decl. ¶ 5.

complying with Rule 34) exceptionally broad and objectionable discovery demands (some in redline form) seeking all documents that refer to or describe any aspect of transmissions, including transmission parts in vehicles that have nothing to do with the subject matter of this lawsuit. *See, e.g.*, Shortnacy Decl., Ex. A, Request for Production No. 6 (seeking "ALL DOCUMENTS which REFER TO or DESCRIBE any advantages or disadvantages the TRANSMISSIONS equipped in the CARS have in relation to any other transmissions, including other HONDA transmissions or other standard automatic transmissions.").

Second, Plaintiffs refused to compromise with AHM to reasonably narrow the breadth of Plaintiffs' requests. Even in an in-person meet and confer, where AHM repeatedly offered numerous compromises, Plaintiffs' counsel was unwilling to compromise on *anything*. Shortnacy Decl. ¶¶ 15-16.

Third, even though AHM consistently informed Plaintiffs the requests sought the type of engineering and technical documents not in AHM's possession, (which, as AHM has repeatedly advised Plaintiffs, distributes, markets, and warrants the vehicles in the U.S. but does not manufacture or design them), Plaintiffs waited until *April 2018*—three months before the close of discovery—to finally issue subpoenas to third parties who may actually possess the technical and engineering documents Plaintiffs claim they need. *Id.* at ¶ 13. AHM did obtain some documents voluntarily from affiliates (and specifically told Plaintiffs it was doing so) but Plaintiffs were dissatisfied with what AHM was voluntarily able to obtain, and flatly refused a sworn statement from AHM attesting to the fact that it could not force affiliates and others to collect the broad documents and information from affiliates that Plaintiffs were seeking. *Id.* at ¶ 12. Instead, Plaintiffs wasted months demanding documents that AHM could not force affiliates to provide.

Plaintiffs wasted time engaged in a fishing expedition, and now find that the discovery clock has nearly run. The evidence shows that AHM released free warranty repairs into the market for the relatively few vehicles that experienced the

1  issue complained of, and the repairs worked, including for Plaintiffs' own cars.

2  Plaintiffs have all of this evidence.

3      They have it because AHM has been diligent in gathering and producing the

4  responsive information it *does* have.  Unfortunately for Plaintiffs, that data

5  demonstrates Plaintiffs' warranty and omission claims (which are the only claims

6  remaining in this lawsuit) are meritless.  AHM is accordingly prepared for

7  discovery to close as currently scheduled. In order to complete discovery, AHM

8  inspected each of the named Plaintiffs' vehicles with a transmission expert, served

9  two sets of Requests for Production, three sets of Interrogatories, and Requests for

10  Admission, and has noticed each of the named Plaintiffs' depositions for the end of

11  June.  AHM is also preparing a motion for summary judgment in light of the fact

12  that, as the evidence gathered at the vehicle inspections proves, Plaintiffs' torque

13  converters operate properly and do not exhibit the issues that Plaintiffs complain

14  about in their pleading.

15      Thus, any delays in the pursuit of discovery in this case are the result of

16  Plaintiffs' poor strategic choices and inexcusable failures to compromise.  The

17  purpose of discovery is to confirm or deny the validity of claims, consistent with

18  proportionality principles set forth in Rule 26(b)(1).  "Based on the language of

19  26(b)(1), it appears that even relevant information is subject to the proportional

20  needs of the case before it is within the scope of discovery." *Hoffman v. Cnty. of*

21  *L.A.*, No. CV 15-03724-FMO (ASx), 2016 WL 4698939, at *5 (C.D. Cal. Jan. 5,

22  2016).

23      In this case, anchoring back to the remaining claims in the case, Plaintiffs'

24  express and implied warranty claims fail as a matter of law given the efficacy of

25  the warranty repairs set forth in the TSBs and the fact that the transmissions in

26  Plaintiffs' vehicles operate as intended.  AHM has fulfilled its warranty obligations

27  to Plaintiffs and then some.  And Plaintiffs cannot rely on the alleged (different)

28  so-called clunking or hesitation in other model year Odyssey vehicles in support of

their own fraudulent omission claims, which of necessity are claims about their own cars, all of which are 2014 Honda Odyssey vehicles.  Because AHM and independent Honda dealers marketed Plaintiffs' vehicles, Plaintiffs should have all of the information they need to "prove" their fraudulent omission claims. Unfortunately for them, there was no fraud, and no evidence exists to support their claims.  But that is not a reason, much less a good reason, to extend the discovery period for four months – fifty percent longer than the original period agreed to by the parties and ordered by the Court.

In sum, Plaintiffs fail to show the good cause required for the Court to alter the existing pre-trial schedule to extend discovery for four months and to move the scheduled trial date.  For these reasons, and because Plaintiffs failed to meet and confer with AHM as required by Local Rule 7-3, Plaintiffs' motion should be denied.

## A.    Plaintiffs' Own Conduct Is The Reason They Are Unprepared For The Close Of Fact Discovery

As Plaintiffs acknowledge in their motion, AHM has told Plaintiffs since at least December 2017 that AHM distributes, markets, and warrants Honda vehicles in the United States, and does not manufacture, design, and test vehicles in the ordinary course of its business. Shortnacy Decl. ¶ 12. Yet, Plaintiffs then spent the next four months asking AHM for these same categories of documents—over and over again.  Plaintiffs did nothing further to obtain the documents they claimed to need until April 2018, when they finally issued subpoenas to third parties seeking documents and information that AHM all along had advised Plaintiffs it does not have. Shortnacy Decl. ¶ 13.

Plaintiffs' misleading intimations that it is AHM's fault that Plaintiffs have failed to make sufficient progress during discovery are completely unfounded. AHM has produced 14,369 records of highly relevant data to date. Shortnacy Decl. ¶ 14. For Plaintiffs' convenience, AHM consolidated many of these records into

reader-friendly spreadsheets so that Plaintiffs could sort and filter the data, and so they did not have to dig through thousands of pages of individual documents. *Id.* AHM has been forthcoming throughout discovery with information, including a robust in-person presentation with Plaintiffs, where AHM explained the service bulletin repair at issue and answered questions posed by Plaintiffs' counsel. Shortnacy Decl. ¶ 15.

There is no legitimate justification for Plaintiffs' delay in pursuing discovery. It is Plaintiffs' obligation to be diligent in their discovery efforts. Simply put, Plaintiffs' failure to timely meet their discovery obligations does not constitute good cause to modify the existing pre-trial scheduling order.

## B. Plaintiffs Have Resisted AHM's Efforts To Move Discovery Forward

Plaintiffs' document requests are virtually incomprehensible in many cases and it is difficult to determine what exactly Plaintiffs are looking for. See Shortnacy Decl., Ex. A.  They are also overbroad and disproportional to the needs of the case relative to their claims. *See* Fed. R. Civ. P. 26(b)(1) (discovery must be "proportional to the needs of the case."); *Zewdu v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 626 (N.D. Cal. 2010) ("Discovery must be narrowly tailored . . . and must not be a fishing expedition.") (citation omitted). Plaintiffs' allegations are that their vehicles have a "judder," and that AHM has breached its warranty obligations by providing no repair for that condition (even though they now have each had the repair). Dkt. 1 (Complaint), ¶¶ 2-7. Their discovery requests,[2]

---

[2] For example, Request No. 33 seeks "ALL DOCUMENTS RELATED TO any previously proposed recall or countermeasure(s) that were or were not implemented for a TRANSMISSION experiencing "surge," "hesitation," ''judder," "upshifts," "hard downshift," "clunk," and "bad torque converter" issues, as described in TSB12- 064, TSB15-014, TSB16- 060, TSB17-043, and TSB17-044." *See* Shortnacy Decl., Ex A. Documents sought by this request are completely irrelevant to whether AHM breached its warranty obligations. A similar example is Request No. 16, which requests "ALL Engineering Specifications, Standards and Requirements provided by YOU to any subcontractors or manufacturers which detail the design and performance criteria of any TRANSMISSIONS used in the

however, demand documents and information that have nothing to do with whether AHM has released countermeasures that effectively resolve the judder condition—which it did on June 20, 2017, the day *before* Plaintiffs filed their complaint. Instead, Plaintiffs seek 'all documents that refer or relate' to almost everything about the vehicles' transmissions.  Such a request is impossibly disproportionate to the needs of the case, and because the component at issue in this case is the torque converter, requests about all aspects of their vehicles' (properly functioning) transmissions are not relevant.[3]

Plaintiffs have refused to meaningfully engage in AHM's attempts to resolve these and other issues. For example, after receiving Plaintiffs' discovery requests, AHM conducted a telephonic meet-and-confer with Plaintiffs' counsel to explain why their discovery requests were objectionable, and invited Plaintiffs to serve amended requests in light of the parties' discussion.  Shortnacy Decl. ¶ 9.  But Plaintiffs did not send any revised requests until six weeks later. When Plaintiffs did decide to revise their discovery, Plaintiffs sent their revised requests in the body of an email, and a difficult-to-read redline of Plaintiffs' revised interrogatories. *Id.* at ¶ 10. Despite AHM's multiple requests that they do so, Plaintiffs refused to properly serve amended discovery requests in a document as required by Rule 34.  *Id.*  To try to keep discovery moving along in some fashion, AHM has responded to the redlined—but never actually served—discovery requests.  *Id.* at ¶ 11. Plaintiffs' behavior, however, has made it very difficult to come to resolution on any open discovery issues.

---

CARS." *Id.* These documents have no bearing on whether a solution to the judder issue has been made available by Honda to customers (which it has).

[3] Plaintiffs erroneously suggest that any reference to "judder" in any vehicle must necessarily be the issue of which they complain in their complaint.  Shortnacy Decl. ¶ 19.  This is false.  Judder can be caused by many things, including faulty brakes, incorrect fuel, faulty motor mounts, and many other causes. Plaintiffs would know this had they ever noticed a deposition of an AHM technician.  But they have not noticed a single deposition.  *Id.*

Additionally, AHM invited Plaintiffs' counsel to AHM's counsel's offices in Los Angeles on May 1, 2018 for an in-person meeting to discuss Plaintiffs' claims, provide additional information, and answer questions. *Id.* at ¶ 15. AHM's service engineer and the transmission expert who had inspected Plaintiffs' vehicles were both present.  They answered many questions and presented countermeasure efficacy data. *Id.*  When AHM initiated a discussion regarding outstanding discovery issues and disputes, Plaintiffs' counsel were unwilling to engage in any meaningful meet and confer or compromise on anything. *Id.* at ¶ 16.

## C.   Plaintiffs Have Failed To Demonstrate Good Cause To Extend Discovery By Almost 50 Percent

As is evident from the foregoing, Plaintiffs have failed to make any showing that the discovery deadline should be extended, much less good cause. *See, e.g.*, *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (The "good cause standard primarily considers the diligence of the party seeking the amendment" to the scheduling order and is only met if the party demonstrates that "even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order."); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.")

Plaintiffs were unwilling to follow even the most basic of requirements of discovery. They failed to serve proper written discovery that did not consist of confusing redlines in the body of an email. They did not notice a single deposition. They neglected to issue subpoenas to entities who would possess the categories of documents they claim to need. Plaintiffs' total lack of diligence is fatal to their motion to modify the scheduling order, and their motion should be denied.

**D.     Plaintiffs' Motion Should Be Denied In Any Case Because Plaintiffs' Failed To Meet And Confer With AHM As Required By Local Rule 7-3**

As noted above, Plaintiffs filed this motion without properly conferring with AHM. When Plaintiffs informed AHM that they would be filing a motion to extend the discovery deadlines, AHM advised that such a motion would be premature given the pending motion to compel before Magistrate McCormick. Shortnacy Decl. ¶ 17. AHM sought a meet and confer with Plaintiffs to discuss a possible schedule adjustment following the hearing before Judge McCormick, but Plaintiffs ignored that request and unilaterally filed this motion the night before the hearing. *Id.*

At the June 12, 2018 hearing, Magistrate McCormick expressed his disappointment that Plaintiffs neglected to communicate with him before filing this motion because he indicated he wanted to assist the parties in completing discovery in accordance with the Court's schedule if possible. *Id.* Plaintiffs' failure to meet and confer is an independent reason to deny the motion. Local Civ. R. 7-3; *Manning*, 2015 WL 9581795, at *3.

Nevertheless, as AHM told Plaintiffs at the hearing before Magistrate McCormick, in the event this Court is amenable to considering any amendment to the schedule, AHM is willing to work with Magistrate McCormick and Plaintiffs to propose a modest extension by stipulation for the Court to consider that will not require this Court to adjust the trial schedule for the case. AHM is prepared to discuss these matters with this Court during the hearing at the pleasure of the Court.

## CONCLUSION

For the foregoing reasons, AHM respectfully requests the Court deny Plaintiffs' motion to extend the deadline for fact discovery to November 30, 2018. Plaintiffs have failed to show good cause to alter the existing schedule and failed to

meet and confer in advance of filing the motion. AHM respectfully requests such other and further relief this Court deems just and proper.

Dated: June 18, 2018

Respectfully submitted,

SIDLEY AUSTIN LLP

/s/ Michael Shortnacy
Michael Shortnacy

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

On June 18, 2018, I caused this document to be served on all ECF-registered counsel of record via the Court's ECF electronic filing system.

/s/ Michael Shortnacy