LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
MICHAEL B. SHORTNACY (SBN 277035)
*mshortnacy@kslaw*.com
King & Spalding LLP
633 West 5th Street, Suite 1600
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants
AMERICAN HONDA MOTOR CO., INC.
and HONDA NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| DENNIS MACDOUGALL, RAY SEOW, PRABHANJAN KAVURI, RICHARD FRICK, JOSEPH RYAN PARKER, and BRYAN LENTZ, individually and on behalf of all others similarly situated,<br>   Plaintiffs,<br>   v.<br>AMERICAN HONDA MOTOR CO., INC., and HONDA NORTH AMERICA, INC.,<br>   Defendants. | Case No. 8:17-cv-01079-AG (DFMx)<br><br>**AMERICAN HONDA MOTOR CO., INC.'S RESPONSE TO PLAINTIFFS' "NOTICE OF SUPPLEMENTAL AUTHORITY"**<br><br>Date:       August 12, 2019<br>Time:       10:00 a.m.<br>Location:  Santa Ana Division, 10D<br>Judge:      Hon. A. Guilford |

Plaintiffs' filed a Notice of Supplemental Authority to draw the Court's attention to the Ninth Circuit's decision in *Huu Nguyen v. Nissan North America, Inc.*, 18-16344, 2019 U.S. App. LEXIS 22296 (9th Cir. July 26, 2019). ECF 202. Plaintiffs violate this Court's rules by using their "notice" as a vehicle to make improper arguments about the authority they cite. *Nichols v. Harris*, 17 F. Supp. 3d 989, 996 (C.D. Cal. 2014) ("Notice of Supplemental Authority with a copy of or a citation to a recently published case is proper. . . **explaining why the case is relevant is not**." (emphasis added)); *see also* L.R. 7–10 (prohibiting further briefing after a reply). The Court should therefore disregard Plaintiffs' improper argument, and the argument itself is incorrect.

Plaintiffs "Notice" mischaracterizes *Nguyen* as supporting their prior briefing, when the opinion does not address any of the arguments on AHM's motion for summary judgment. As to the question of class certification, it is readily distinguishable. *First*, unlike in *Nguyen*, AHM has presented undisputed evidence through expert testimony and vehicle testing to show Plaintiffs' vehicles do not have the "judder" (a.k.a. "Atypical Vibration") about which they complain, and on this basis (among others) AHM moves for summary judgment. *Second*, unlike in *Nguyen*, where the plaintiffs' expert put forward a theory explaining *how* the aluminum composition of the clutch was allegedly a "catastrophic design defect," (slip op. at 1) Dr. Parker offers no such theory and no testing or evidence of his own to support any defect "theory" (although he does concede he does not opine Plaintiffs have Atypical Vibration). *Third*, unlike in *Nguyen*, where the design of the clutches was substantially similar (slip op. at 15-16), the design, hardware and software of the Odyssey vehicles (model year 2012-2016) are demonstrably, materially different. *Fourth*, unlike in *Nguyen*, where the plaintiff had paid $721.75 for repairs (slip op. at 7), Plaintiffs here each admit they made no out-of-pocket payments for any repairs. Of course, no one else would have either, considering AHM offered warranty countermeasures (ATF flush and software update) for the very few vehicles that ever manifested Atypical Vibration, and which undisputed evidence shows is efficacious. In *Nguyen*, the out-of-pocket damages plaintiff paid as a result of

the alleged "catastrophic defect" (neither of which the Plaintiffs here have) was proxy for—and means to measure—benefit of the bargain damages. Plaintiffs in this case, having suffered *no* out-of-pocket losses, proffer Mr. Boedeker's flawed conjoint study to divine their (imaginary) "losses." But Mr. Boedeker's survey is flawed and unreliable including because it is premised on fictitious options and prices Mr. Boedeker admits he made up. *Nguyen* therefore has no application to the disposition of this case.

DATED: July 30, 2019          KING & SPALDING LLP

By: */s/ Michael B. Shortnacy*
Attorneys for Defendants
AMERICAN HONDA MOTOR CO., INC. and
HONDA NORTH AMERICA, INC.