UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-1079 JGB (DFMx)** | Date | **March 8, 2024** |
| Title | *Dennis MacDougall, et al. v. American Honda Motor Co., Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiffs' Motion to Approve Class Notice Plan (Dkt. No. 287); and (2) VACATING the March 18, 2024 Hearing (IN CHAMBERS)

Before the Court is Plaintiffs' motion to approve class notice plan pursuant to Federal Rule of Civil Procedure 12(c)(2)(B). ("Motion," Dkt. No. 287.) The Court determines this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion.

## I.   BACKGROUND

Since the parties are familiar with this case's extensive procedural history, the Court provides only the background necessary to understand the Motion. On June 21, 2017, Plaintiffs filed a complaint against Defendants American Honda Motor Co., Inc. and Honda North America, Inc. (jointly, "Defendants"). ("Complaint," Dkt. No. 1.) In the Complaint, Plaintiffs allege twelve causes of action: (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) violations of the Magnuson-Moss Warranty Act ("MMWA"); (4) violations of the California Song-Beverly Consumer Warranty Act; (5) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; (6) violations of California's Consumer Legal Remedies Act; (7) violations of California's Unfair Competition Law; (8) violations of New Jersey's Consumer Fraud Act; (9) violations of Florida's Deceptive and Unfair Trade Practices Act; (10) equitable injunctive and declaratory relief; (11) declaratory relief under the Declaratory Judgment Act; and (12) unjust enrichment. (Id.)

On September 15, 2017, Defendants filed a motion to dismiss the Complaint. ("MTD," Dkt. No. 35.) On December 4, 2017, U.S. District Judge Andrew J. Guilford granted-in-part and denied-in-part Defendants' motion to dismiss the Complaint. ("MTD Order," Dkt. No. 53.) The MTD Order dismissed Plaintiffs' MMWA claim as well as consumer protection claims based on a theory of misrepresentation, with leave to amend. (See id. at 5–9.) Plaintiffs did not file an amended complaint. On December 26, 2017, Defendants answered the Complaint. ("Answer," Dkt. No. 57.) On February 5, 2020, this case was reassigned from Judge Guilford to this Court. (Dkt. No. 225.)

On May 13, 2019, Plaintiffs filed a motion for class certification. ("Class Cert. Motion," Dkt. No. 147.) In support of the Motion, Plaintiffs filed a declaration of Gary E. Mason ("Mason Decl.," Dkt. No. 147-1) and various exhibits ("Mason Exs. A–L," Dkt. No. 147-2–13). On June 21, 2019, Defendants opposed the Motion. ("Class Cert. Opp.," Dkt. No. 167.) In support of the Opposition, Defendants filed a declaration of Michael B. Shortnacy ("Shortnacy Decl.," Dkt. No. 167-1) and various exhibits ("Shortnacy Exs. 1–48," Dkt. Nos. 167-2–6). On July 19, 2019, Plaintiffs replied. ("Class Cert. Reply," Dkt. No. 186.) In support of the Reply, Plaintiffs filed a second declaration of Gary E. Mason ("2d Mason Decl.," Dkt. No. 186-1) and additional exhibits ("Mason Exs. M–S," Dkt. Nos. 186-2–7, 198-1).

On June 3, 2019, Defendants filed a motion for summary judgment and a motion to strike the testimony of Plaintiffs' mechanical engineering expert, Dr. Robert Parker ("Dr. Parker"). ("MSJ," Dkt. No. 155-1; "Parker MTS," Dkt. No. 151; see also "Parker Report," Dkt. No. 161-5.) On June 21, 2019, Defendants filed a motion to strike the testimony of Plaintiffs' damages expert, Stefan Boedeker ("Mr. Boedeker"). ("Boedeker MTS," Dkt. No. 166; see also "Boedeker Report," Dkt. No. 166-2.) On September 11, 2020, the Court granted Defendants' Boedeker MTS and MSJ, and denied as moot Defendants' Parker MTS and Plaintiffs' Motion for class certification. (Dkt. No. 241.) On December 21, 2021, the Ninth Circuit reversed the Court's September 11, 2020 order and remanded. ("Ninth Circuit Order," Dkt. No. 250.)

On March 7, 2023, the Court denied Defendants' Boedeker MTS and Parker MTS, and granted-in-part and denied-in-part Defendants' MSJ.[1] ("MSJ Order," Dkt. No. 278.) The Court also ordered supplemental briefing regarding class certification. (Id.) Specifically, the Court requested that Plaintiffs explain: (1) whether some Plaintiffs are now former owners of Class Vehicles; (2) whether the proposed classes include former owners; (3) how Plaintiffs who are former owners satisfy the Rule 23 requirements, particularly typicality, commonality, and predominance; and (4) how damages may be calculated on a class-wide basis as to former owners. (Id. at 15.)

On March 20, 2023, Plaintiffs filed a supplemental memorandum in support of their Motion for class certification. ("Pl. Class Cert. Supp.," Dkt. No. 281.) On March 31, 2023, remaining Defendant American Honda Motor Co. ("Defendant" or "Honda") filed a

---

[1] In the MSJ Order, the Court dismissed Honda North America, Inc. as a defendant and Richard Frick as a plaintiff. (See id.)

supplemental memorandum in response. ("Def. Class Cert. Supp.," Dkt. No. 282.) In support, Honda filed a declaration of Michael B. Shortnacy ("2d Shortnacy Decl.," Dkt. No. 282-1) and two exhibits ("Shortnacy Exs. A–B," Dkt. No. 282-2–3).

On October 3, 2023, the Court granted the Class Cert. Motion. ("Class Cert. Order," Dkt. No. 287.) In the Class Cert. Order, the Court certified the following four classes:

> **California Class:** All persons or entities who purchased or leased model year 2012 Touring and Touring Elite Honda Odysseys with VINs in the range 5FNRL5H…CB053446 through 5FNRL5H…CB148157, model year 2013 Touring and Touring Elite Honda Odysseys, and model year 2014 to 2016 Honda Odysseys (collectively, "Class Vehicle(s)") in California from American Honda Motor Company or through an American Honda Motor Company dealership. The California Class is certified for the following claims: (a) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (b) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (c) breach of the California Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790, et seq.; (d) breach of implied warranty under state law; (e) breach of express warranty under state law; (f) unjust enrichment under state law; and (g) injunctive and declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and state law. The Court appoints Plaintiffs Ray Seow and Bryan Lentz as the class representatives for the California Class.
>
> **Pennsylvania Class:** All persons or entities who purchased or leased a Class Vehicle in Pennsylvania from American Honda Motor Company or through an American Honda Motor Company dealership. The Pennsylvania Class is certified for the following claims: (a) breach of implied warranty under state law; (b) breach of express warranty under state law; (c) unjust enrichment under state law; and (d) injunctive and declaratory relief under the Declaratory Judgment Act and state law. The Court appoints Plaintiff Dennis MacDougall as the class representative for the Pennsylvania Class.
>
> **New Jersey Class:** All persons or entities who purchased or leased a Class Vehicle in New Jersey from American Honda Motor Company or through an American Honda Motor Company dealership. The New Jersey Class is certified for the following claims: (a) violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1, et seq.; (b) breach of implied warranty under state law; (c) breach of express warranty under state law; (d) unjust enrichment under state law; and (e) injunctive and declaratory relief under the Declaratory Judgment Act and state law. The Court appoints Plaintiff Prabhanjan Kavuri as the class representative for the New Jersey Class.

> **Florida Class:** All persons or entities who purchased or leased a Class Vehicle in Florida from American Honda Motor Company or through an American Honda Motor Company dealership. The Florida Class is certified for the following claims: (a) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, et seq.; (b) breach of implied warranty under state law; (c) breach of express warranty under state law; (d) unjust enrichment under state law; and (e) injunctive and declaratory relief under the Declaratory Judgment Act and state law. The Court appoints Plaintiff Joseph Ryan Parker as the class representative for the Florida Class.

(Id. at 19-20.) The Court also appointed the law firms of Whitfield Bryson & Mason LLP; Berger & Montague, P.C.; and Bronstein Gerwitz & Grossman as class counsel. (Id. at 20.)

On October 17, 2023, Defendant filed a petition for permission to appeal the Class Cert. Order, pursuant to Federal Rule of Civil Procedure 23(f). (Motion at 4 n.3.) The Ninth Circuit denied Defendant's petition for permission to appeal on January 19, 2024. ("Ninth Circuit 23(f) Order," Dkt. No. 289.)

On January 12, 2024, Plaintiffs filed this Motion. (Motion.) In support of the Motion, Plaintiffs filed the declaration of attorney Cameron R. Azari ("Azari Decl.," Dkt. No. 287-1), the proposed Postcard Notice ("Postcard Notice," Dkt. No. 287-2), and the proposed Long Form Notice ("Long Form Notice," Dkt. No. 287-3). On February 12, 2024, Defendant opposed the Motion. ("Opposition," Dkt. No. 292.) In support of its Opposition, Defendant filed proposed modifications to Plaintiffs' Postcard Notice and Long Form Notice. ("Def. Postcard Notice," Dkt. No. 292-1.) Plaintiffs replied on February 26, 2024. ("Reply," Dkt. No. 293.) In support of the Reply, Plaintiffs filed a November 23, 2023 email to Defendant ("Email," Dkt. No. 293-1) and a hearing transcript from Quackenbush, et al. v. American Honda Motor Company, et al. ("Hearing Transcript," Dkt. No. 293-2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(c)(2)(B) ("Rule 23(c)(2)(B)") requires that a court certifying a class under Rule 23(b)(3) "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Notice may be provided by mail, electronic means, or any other appropriate means. Id. Although the notice may contain other information, the notice "must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

Fed. R. Civ. P. 23(c)(2)(B)(i–vii).

Class notice must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to opt out. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

### III.  DISCUSSION

Plaintiffs move the Court to issue an order approving their proposed class notice plan and notices. (See Motion.)  They also request that the Court order Defendant to produce all vehicle identification numbers ("VINs") for the class vehicles and any corresponding contact information in Defendant's possession sufficient to identify class members. (Id. at 4.)  Finally, Plaintiffs request that the Court amend the Class Cert. order to exclude certain categories of class members from each class and to correct the name of one of the appointed class counsel firms. (Id. at 7.)

Defendant does not appear to address or oppose Plaintiffs' class notice plan but argues primarily that Plaintiffs' Motion is premature. (See Opposition.)  In the alternative, Defendant requests modifications to Plaintiffs' proposed Postcard Notice and Long Form Notice. (Id. at 12 n.2.)

The Court addresses: first, Plaintiffs' requested modifications to the Class Cert. Order; second, Defendant's arguments that the Motion is premature; third, Plaintiffs' proposed class notice plan and notices; and finally, Plaintiffs' request for an order requiring Defendant to produce VINs and contact information for class members.

### A.  Class Certification Order Modifications

Plaintiffs request that the Court amend the Class Cert. Order to include the following language:

> Excluded from these Classes are:
>
> (a) any persons or other entity currently related to or affiliated with Defendant;
> (b) any person who has a pending action for damages for personal injury or death or property damage against Defendant;
> (c) any Judge presiding over this action and members of his or her family; and
> (d) all persons who properly execute and file a timely request for exclusion from the Class.

(Motion at 7-8.) Plaintiffs also request that the Court change the name of class counsel firm Whitfield Bryson & Mason LLP to Mason LLP, due to a firm name change. (Id. at 10.)

Defendant does not oppose Plaintiffs' minor modifications to the Class Cert. Order. (Opposition at 11.) Accordingly, the Court **AMENDS** the Class Cert. Order to include Plaintiffs' above language regarding exclusions from the class and to change the name of Whitfield Bryson & Mason LLP to Mason LLP.

### B. Timeliness of the Motion

Defendant argues that Plaintiffs' Motion is premature, as "substantial uncertainty remains regarding the viability and scope of the classes certified by the Court." (Opposition at 1.) But while Defendant may disagree with the Court's prior decision to certify the classes, that is not the issue at hand. The classes have been certified, and the Ninth Circuit declined Defendant's petition for permission to appeal the certification—as such, the classes' scope is not a question before the Court, which declines to revisit its prior ruling. (See Ninth Circuit 23(f) Order.) Procedurally, the proper next step is to notify potential class members of the ongoing action. See Fed. R. Civ. P. 23(c)(2).

The Court also notes that Defendant raises two specific issues related to the "viability and scope" of the classes, both of which were already briefed and addressed in the Class Cert. Order: first, that Plaintiffs do not present a method by which to allocate damages between multiple purchasers of the same vehicle; and second, that certain Plaintiffs Parker, Seow, and Lentz (the "Selling Plaintiffs") are not typical and adequate representatives because they may have sold their vehicles. (Opposition at 2, 6-9.)

Defendant raised its first argument in its briefing in opposition to the Class Cert. Motion. (Def. Class Cert. Supp. at 7 ("Plaintiffs offer no methodology for allocating damages between different owners of the same vehicle.").) To begin, an issue related to allocation of individual damages has no bearing on "the action's suitability for class certification" or class notice. See Yokoyama v. Midland Nat. Life Ins. Co., 594 F.3d 1087, 1089 (9th Cir. 2010) ("Our court long ago observed that the amount of damages is invariably an individual question and does not defeat class action treatment.") (internal quotations and citations omitted). The Court also reiterates its holding in the Class Cert. Order, in which it stated: "[P]ost-sale events, such as certain Plaintiffs' resale of their vehicles, do not undermine damages calculations," as "benefit of the bargain damages should be measured at the time of the sale." (Class Cert. Order at 8.) Each time Defendant or one of its dealerships allegedly sold a class vehicle—used or not—the purchasing class member allegedly incurred benefit of the bargain damages. In sum, allocation of damages does not present an issue at this stage of the litigation.

Defendant also raised its second argument in its previous briefing. (Def. Class Cert. Supp. at 2-3 ("Plaintiffs Lentz, Parker, and Seow also are inadequate and atypical of the current owners they seek to represent.").) Defendant now, as before, requests additional discovery on the conditions and terms of Selling Plaintiffs' sales. (Id. at 2; Opposition at 9.) The Court again

declines to revisit its holding that the Selling Plaintiffs are typical and adequate, regardless of their sales, and reiterates its prior finding: "Whether or not Plaintiffs later sold those vehicles does not affect Honda's liability for the initial injury," as "any post-sale events are irrelevant . . . because Plaintiffs seek benefit of the bargain damages." (Class Cert. Order at 9.) Defendant improperly uses its Opposition to the class notice plan to raise its disagreements with the Court's decision to certify the class, despite the Ninth Circuit's denial of Defendant's petition to appeal the certification. Accordingly, the Court denies Defendant's request for further discovery as to Selling Plaintiffs' sales, and it does not find that the sales affect the timeliness of class notice.

The Court is not persuaded by Defendant's arguments that class notice is premature, and it reviews Plaintiffs' notice plan.

### C. Class Notice

#### 1. Notice Plan

Plaintiffs estimate that the four certified classes will total approximately 125,000 members, combined. (Motion at 4.) They propose a multi-faceted notice plan to notify class members of the action, including: (1) sending the Postcard Notice by U.S. Mail; (2) sending the contents of the Postcard Notice via email to supplement the USPS mailing, to the extent Defendant is able to produce email addresses for any class members; (3) creating a dedicated settlement website referenced in the Postcard Notice, which will contain links to the Long Form Notice, Frequently Asked Questions, and key documents from the case; and (4) providing class members with a toll-free telephone number and mailing address to obtain additional information about the case. (See id. at 4, 6.) Plaintiffs request that the Court appoint Epiq Class Action and Claims Solutions, Inc. ("Epiq") as the Class Action Notice Administrator for the case. (Id. at 2.)

Defendant does not appear to object to Plaintiffs' proposed method of providing notice to class members, or to the appointment of Epiq as Class Action Notice Administrator. (See Opposition.) Rather, Defendant briefly argues that Plaintiffs fail to "explain how they intend to identify and notify class members for whom [Defendant] cannot provide information." (Id. at 1.) But "neither due process not Rule 23 require that each individual class member receive actual notice." In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation, 736 Fed. Appx. 639, 640 (9th Cir. 2018). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

The Court finds that Plaintiffs' class notice plan is reasonably calculated to apprise class members of the action and is the "best notice that is practicable under the circumstances." See id. Given that the certified classes encompass people who have purchased or leased certain

vehicles from Defendant or its dealerships, it is practicable and reasonable to use VINs, sourced from Defendant, to identify potential class members. (See Class Cert. Order; Motion at 4-5.) In the event that Defendant does not possess mailing addresses for class members, Plaintiffs also plan to purchase class members' contact information from an automotive data and analytics service called Polk Automotive Solutions ("Polk"), which matches VINs to owner contact information. (Motion at 4-5; Azari Decl. ¶¶ 14-15.) Plaintiffs predict that their class notice plan will succeed in reaching at least 90 percent of identified class members sent individual notice, with additional reach from the establishment of the settlement website. (Azari Decl. ¶ 12.) See Briseno v. ConAgra Foods, Inc., 844 F.3d 1121, 1129 (9th Cir. 2017) ("Courts have routinely held that notice by publication in a periodical, on a website, or even at an appropriate physical location is sufficient to satisfy due process.").

Defendant argues that it "may not" have VIN or contact information for purchasers of certified pre-owned vehicles or lessees of class vehicles. (Motion at 5.) First, Defendant's assertion that it "may not" have the necessary class member information—which is not presented under oath, in any declaration—is too vague to persuade the Court that Plaintiffs' class notice plan is impracticable or unreasonable. Second, Defendant provides no reasoning as to why it would be unable to access class members' VINs through its own records or its dealerships' records, nor does it provide any information about the availability of VINs for other categories of class members (e.g., purchasers of new class vehicles). As such, the Court is unpersuaded by Defendant's argument that Plaintiff's notice plan is insufficient because Defendant "may not" have access to certain class member VINs.

Accordingly, the Court finds that Plaintiffs' class notice plan is the best notice that is practicable under the circumstances, and it **APPROVES** Plaintiffs' class notice plan.

### 2. Notice Forms

After reviewing the Postcard Notice and the Long Form Notice, the Court finds that the notices clearly state "in plain, easily understood language" the required elements under Rule 23(c)(2): "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i–vii). (See Postcard Notice; Long Form Notice.)

Defendant, in a footnote to its Opposition, requests modifications to the language of Plaintiffs' notice forms. (Opposition at 12 n.3.) It also attaches a redlined version of the Postcard Notice, with changes it requests are also made in the Long Form Notice (though it does not detail which parts of the Long Form Notice, specifically, it seeks to change). (Def. Postcard Notice.) As established below, the Court finds most of Defendant's objections unavailing, and others to be easily resolved.

First, Defendant requests to change the title of the notice forms from "If You Purchased or Leased a 2012–2016 Honda Odyssey from American Honda Motor Company ("HONDA") or an authorized American Honda Motor Company dealership . . ." to "If You Purchased or Leased certain 2012–2016 Honda Odyssey vehicles from an authorized Honda dealership . . ."  (See id.) Defendant argues that this change is required because it does not sell vehicles directly to consumers. (Opposition at 12 n.3.) However, the Court finds that Plaintiff's original language ("from American Honda Motor Company ("HONDA") or an authorized American Honda Motor Company dealership") is in line with the class certification language, which states "purchased or leased . . . from American Honda Motor Company or through an American Honda Motor Company dealership." (See Class Cert. Order at 19-20.)  The Court agrees that the certified class does not encompass all 2012-2016 Honda Odyssey vehicles. (See id.) Accordingly, it **ORDERS** Plaintiffs to modify the language of the Postcard Notice and Long Form Notice titles to the following: "If You Purchased or Leased Certain 2012–2016 Honda Odyssey vehicles from American Honda Motor Company ("Honda") or an authorized American Honda Motor Company dealership in California, Pennsylvania, New Jersey or Florida, a Class Action Lawsuit May Affect Your Legal Rights."

Second, Defendant requests to change the language in the body of the notice forms from "alleging that Honda manufactured 2012 Touring . . . with a defective transmission prone to sudden, unexpected shaking and jerking . . . and that Honda was aware at the time of sale that the transmissions in the Class Vehicles were defective and prone to the Transmission Defect" to "alleging that certain 2012 Touring . . . contain a defective transmission that could result in sudden, unexpected shaking and jerking . . . and that Honda was aware at the time of sale that the transmissions in the Class Vehicles could experience the alleged Transmission Defect." (See Def. Postcard Notice.)  Defendant argues that this change is warranted because it does not manufacture the vehicles. (Opposition at 12 n.3.)  The Court disagrees, as Plaintiffs' original language is in line with the allegations made in the Complaint and accurately describes "the class claims [or] issues." (See Complaint ¶¶ 25-31.)  Fed. R. Civ. P. 23(c)(2)(B).  Accordingly, the Court does not accept Defendant's requested changes.

Third, Defendant requests to replace the following two sentences in the body of the notice forms: "Honda denies these allegations. The Court has not decided whether Honda is liable but has decided to allow the lawsuit to proceed as a class action." (See Def. Postcard Notice.)  Defendant requests that the original sentences are replaced with: "American Honda denies that the Transmissions are defective and denies liability to Plaintiffs or Class members.  The Court has made no ruling on the merits of the case.  This communication is being made solely to provide notice that classes have been certified, and does not constitute notice of any result or outcome, for Plaintiff or Defendant[], nor does it provide for the recovery of money."[2] Defendant argues that this change is warranted because "AHM denies liability." (Opposition at 12 n.3.)  The Court believes that Plaintiffs' original language sufficiently describes the case's procedural posture in "clear, easy to understand language." Fed. R. Civ. P. 23(c)(2)(B) (clear,

---

[2] The Court notes that Defendant's requested modification inaccurately states "Defendants," as opposed to "Defendant." (See Def. Postcard Notice.)

concise, "plain, easily understood language").  However, to address some of Defendant's concerns, the Court **ORDERS** Plaintiffs to modify the Postcard Notice so that the original two sentences read as the following: "Honda denies that the Transmissions are defective and denies liability to Plaintiffs or Class members.  The Court has not decided whether Honda is liable but has decided to allow the lawsuit to proceed as a class action."  The Court **ORDERS** Plaintiffs to modify Section 2 of the Long Form Notice (Page 3) to add the sentence, "Honda denies that the Transmissions are defective and denies liability to Plaintiffs or Class members," at the start of the second paragraph.

Finally, Defendant requests that the name on the mailing address for exclusions is changed from "MacDougall v. Honda Exclusions" to "MacDougall v. American Honda Exclusions." (Def. Postcard Notice.)  The Court agrees with this change as it is aligned with the name of the case.  As such, the Court **ORDERS** Plaintiffs to modify the Postcard Notice and Long Form Notice (Page 7) so that the name on the mailing address is "MacDougall v. American Honda Exclusions."

With the above modifications, the Court finds that the Postcard Notice and Long Form Notice comply with the requirements of Rule 23(c)(2).

### 3. Timing of Notice

Plaintiffs propose the following schedule to disseminate notice, which Defendant does not address or oppose.  (See Opposition.)

1. Within fourteen (14) days of the Court's Order granting Plaintiffs' Motion for Dissemination of Class Notice, Honda shall produce VINs for all Class Vehicles to Epiq, along with any corresponding information or data in Honda's possession sufficient to identify class members, their Class Vehicles, and their last known contact information including mailing addresses (and emails if available);

2. Within seven (7) days of Honda producing Class Vehicle VINs and class member contact information, Epiq shall request any additionally needed class member contact information through Polk, or a similar service;

3. Within thirty (30) days after Epiq receives the class member identities and contact information from Polk, Epiq, will disseminate the Postcard Notice to the Class via U.S. Mail if necessary (and email if available from Honda) to all class members for which Epiq was able to obtain such addresses (the "Notice Dissemination Date"); and

4. Class Members shall have sixty (60) days from the Class Notice Dissemination Date to opt out from any of the certified Classes they may belong to.

5. Within fourteen (14) days[3] of the Notice Dissemination Date, Plaintiffs shall notify the Court of the Notice Dissemination Date.

(Motion at 8.)  The Court finds that the 60-day opt-out period gives class members sufficient time to consider their options and is consistent with timelines approved by other courts.  See Flo & Eddie, Inc. v. Sirius XM Radio, Inc., 2016 WL 6953462, at *4 (C.D. Cal. June 16, 2016) (setting opt-out deadline 60 days after the mailing of notice).

Moreover, as Defendant does not address or oppose Plaintiffs' schedule, the Court deems any objections to the schedule waived.  Caravan Canopy Intl, Inc. v. Home Depot U.S.A. Inc., 2021 WL 831028, at *3 (C.D. Cal. Feb. 25, 2021) ("Plaintiff does not address this argument, and arguments to which no response is supplied are deemed conceded.").  The Court **APPROVES** Plaintiffs' schedule to disseminate notice.

**D.  Order to Produce Class Member Data**

Finally, Plaintiffs request: 1) that the Court order Defendant to produce all VINs for the class vehicles and any corresponding contact information in Defendant's possession sufficient to identify class members; and 2) that the Court authorize Polk to obtain class vehicle owner information from the relevant State DMVs, using the VINs provided by Defendant, and to release this information to Epiq for the purposes of administering notice to class members. (Motion at 4, 5 n.8.)

Defendant argues that Plaintiffs' request for production of VINs and contact information is a discovery motion that should be properly brought before the Magistrate Judge.  (Opposition at 4.)  The Court disagrees.  Rule 23(d) "concerns the conduct of class actions, not the discovery rules" and "authorizes a district court in appropriate circumstances to require a defendant's cooperation in identifying class members to whom notice must be sent."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 355 (1978).  It is appropriate for a district court to require a defendant's cooperation in identifying class members when "the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff."  Id. at 356.  Such is the case here.  Because the certified classes encompass people who have purchased or leased cars from Defendant or its dealerships, it follows that it is easier and cheaper for Defendant, using its records and its dealerships' records, to provide VINs and contact information for the class members and vehicles, as defined by the Class Cert. Order.  (See Class Cert. Order.)  Accordingly, the Court **ORDERS** Defendant to produce all VINs for the class vehicles and any corresponding contact information in Defendant's possession sufficient to identify class members, including their last known mailing addresses, and email addresses if available.

---

[3] Plaintiffs' original schedule, as written in the Motion, states "within seven (14) days." (Motion at 8.)  The Court assumes Plaintiffs request fourteen days to notify the Court of the Notice Dissemination Date.

The Court also **AUTHORIZES** Polk to obtain class vehicle owner information from the relevant State DMVs, using the VINs provided by Defendant, and to release this information to Epiq for the purposes of administering notice to class members. See 18 U.S.C. § 2721(b)(4) (State DMVs "shall not knowingly disclose or otherwise make available . . . personal information" except "[f]or use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court").

## IV.  CONCLUSION

For the foregoing reasons, the Court orders the following:

1. The Court **AMENDS** the Class Cert. Order to include Plaintiffs' language regarding exclusions from the class and to change the name of Whitfield Bryson & Mason LLP to Mason LLP.

2. The Court **GRANTS** Plaintiffs' motion to approve class notice plan, schedule to disseminate notice, and forms of notice, with the modifications described in Section (C)(2) of this Order.  The Court **ORDERS** the parties to meet and confer regarding revisions to the Postcard Notice and Long Form Notice so that they are consistent with this Order and easy for class members to understand.

3. The Court **ORDERS** Defendant to produce all VINs for the class vehicles and any corresponding contact information in Defendant's possession sufficient to identify class members, including their last known mailing addresses, and email addresses if available.

4. The Court **AUTHORIZES** Polk to obtain class vehicle owner information from the relevant State DMVs, using the VINs provided by Defendant, and to release this information to Epiq for the purposes of administering notice to class members.

5. The hearing scheduled for March 18, 2024 is **VACATED**.

**IT IS SO ORDERED.**